

11 CIV. 8721

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_FELIX GARCIA, 04A2384_

_(In the space above enter the full name(s) of the plaintiff(s).)_

-against-

_CO. L. CARRINGTON,_

_CO. B. White_

_(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)_

**COMPLAINT**
under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial:  ☑ Yes  ☐ No
(check one)

I. Parties in this complaint:

A. List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff  Name _FELIX GARCIA_
ID # _04A2384_
Current Institution _Sing Sing Correctional Facility_
Address _354 Hunter Street, Ossining NY._
_10562-5442_

B. List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name _L. CARRINGTON_____ Shield # _?_
                   Where Currently Employed _SING SING Correctional Facility_
                   Address _354 Hunter Street, Ossining NY 10562-5442_

Defendant No. 2    Name _B. WHITE_____ Shield # _?_
                   Where Currently Employed _SING SING Correctional Facility_
                   Address _354 Hunter Street, Ossining NY 10562-5442_

Defendant No. 3    Name _____ Shield # _____
                   Where Currently Employed _____
                   Address _____

Defendant No. 4    Name _____ Shield # _____
                   Where Currently Employed _____
                   Address _____

Defendant No. 5    Name _____ Shield # _____
                   Where Currently Employed _____
                   Address _____

II.   Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.   In what institution did the events giving rise to your claim(s) occur? _SING SING Correctional Facility_

B.   Where in the institution did the events giving rise to your claim(s) occur? _Housing Block A, Between H & M Galleries._

C.   What date and approximate time did the events giving rise to your claim(s) occur? _Dec 8th, 2010_

D. Facts: On 12/8/10, I Felix Garcia was going through HBA Gym magnomitor which I cleared, but was then stoped by officer White. Officer White instructed me to put my belt on before going into the gym, I believe I sighed and was told to get on the wall by the phones. Officer CARRINGTON told officer B. White to send me back to my cell, as I started to protest, officer Currington told me to "Shut The Fuck up" I told him something to the effect, that he cant stop me from talking. I then had to wait till every inmate entered the gym, I was then told to stand in a search stance between H & M galleries under the messhall bridge, where the radiator is. Officer Currington then spread my leg so far apart that the pain was tremendous. while my arms are on the radiator getting burnt, he keept kicking my feet apart every time I tryed to gain controle so I would fall. I was told if I fell He would beat the shit out of me. Carrington made me say a bunch of yeses and No for B. White, after I complyed I was told to go to my cell, when I got off the wall I sighed at Currington He then chucked me while cursing, then pushe me up the stairs I Notifyed my gallery officer, J Kruse, who Notified Sgt Cassanos, who took me to medical.

(sidebar labels: What happened to you? / Who did what? / Was anyone else involved? / Who else saw what happened?)

### III. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. I sustained pain in my groin area and two burned arms, I was given Bascitracin, and tylanol. I was scheduled to come back to medical but was keep lucked and was denied by the block to go to medical. I have a scare on my left forearm. Till date. I also had strangulation marks on my Neck.

### IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ✓   No ___

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). _Sing Sing CF_

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ✓   No ___   Do Not Know ___

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ✓   No ___   Do Not Know ___

If YES, which claim(s)? _All_

D. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose not cover some of your claim(s)?

Yes ___   No ___   Do Not Know ✓

If YES, which claim(s)? _____

E. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ✓   No ___

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

✗ Yes ___   No ___

F. If you did file a grievance, about the events described in this complaint, where did you file the grievance? _Sing Sing CF_

1. Which claim(s) in this complaint did you grieve? _assult & distruction of my personal glasses_

2. What was the result, if any? _Denied_

3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. _I appealed to the superintendent of Sing Sing, Albany CORC bureau, and Inspector General's office._

49

Time of incident: Approx 7:30 P.M.

48673

To:     Grievance Unit.
From:   Felix Garcia
Din:    04 - A - 2384
Cell Location HBA - L-88


Re: <u>ASSAULTED BY OFFICER.</u>


I'm writing in regards to an issue that took place between walkway of A block, H and M gallery.

I was on my way to the gym when Officer B. White told me to put my belt on I started to comply, when she told me to get searched. ~~After being searched~~, Carrington **(Officer)** told Miss White, **(Officer White)** send me back too my cell. I protest when he Officer Carrington told me to "**shut the fuck up.**" "I told him he cant stop me from talking." I was then told to get back on the original wall, but was not again search, I waited till gym run was over then was told to go between H-an M Company where officer Carington spread my leg so far I caught a tremendous pain in my grown, and was told if I fell he was gonna beat the shit out of me. He then made me say a bunch of yeses an no's, for Officer B. White.

**RECEIVED**

DEC 1 3 2010

**SING SING I.G.P.**

Every time I try to gain control of my stance Officer B. White keep kicking my feet apart so that I would try to fall, After maybe **4 min.** of being humiliated, and degrateed as well as striped of my pride I was told to go to my cell, I then looked at Officer Carrington and signal, he then proceeded to choked for about **9 second** while screaming all type of obscenities. He then pushed me up the stairs, when I got back to my gallery and reported my injury to Officer Kruse, which was then convoyed to sergeant Cossanas. I was then brought to medical were they attended to my injurys.

I'm asking that action be brought against the Officer involved, and I want to be paid for my glasses in full. I will provide the receipts to show what I paid for them.

Sincerely yours,

Felix Garcia 04A2384

12/8/10 Time 10:36.

CC:file.

To: Grievance Committee

From: Felix Garcia 04A2387, HBA-L-88

       Re: Previous grievance/Addendum which was submitted contained a number of typographical errors which I would like to correct, and have this stand as my grievance in place of the old one. Pleas note that the substance of my recitation of the chain of events described in my grievance is essentially the same. This is only an addendum for the sake of clarity and precision. It is therefore requested that this new grievance be accepted in place of the old.

      I was on my way to the gym when Officer B. White told me to put on my belt after I cleared the "mag." I started to comply when she told me to get searched. Officer Carrington told Officer White to send me back to my cell. I was placed on the wall and, while on the wall, I explained to Officer Carrington that I did not ring in the "mag." Officer Carrington told me to "Shut the fuck up!" I said that he can't stop me from talking, or something to that effect. I proceeded to walk away from the wall and told to get back on the wall.

      Each time that I was placed on the wall, I was not searched.

      I was then made to wait until the gym run was over, and then told to go between "M" and "H" Companies. While placed on the wall in that area, Officer Carrington made me spread my legs so far, I caught a tremendous pain in my groin, and was told that if I fell, he was going to "beat the shit out of me." He then made me say a series of "yeses" and "no's" for Officer B. White.

      Every time I tried to gain control of my balance, Officer B. White kicked my feet apart so that I would have to struggle not to fall. After approximately 4 minutes of being humiliated and degraded, as well as stripped of my pride , I was told to return to my cell. I then looked at Officer Carrington and sighed. He then proceeded to choke me for about 9 seconds, while screaming all kinds of obscenities. He then pushed me up the first flight of stairs, stopping immediately before the bridge adjacent to the bridge.

      When I returned to the gallery, I reported my injuryto Officer Kruse, which was then conveyed to Sgt. Casssans. I was then brought to medical, where they attended to my injuries.

Please note that I was made to get in a search stance by the radiator, which caused my arms to get burned.

I am asking that action be brought against the officers involved and I want to be paid in full for my glasses which were broken as a result of being thrown on the floor. (Grievant can provide a receipt to substantiate the cost of the broken glasses)



Felix Garcia

```
12/09/10        STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES    PAGE   1
CP004.                    DISCIPLINARY HEARING DISPOSITION RENDERED
```

SING SING GN                                       TAPE NUMBER 10-299 / 10-299A

DIN: 04A2384 NAME: GARCIA, FELIX                   LOCATION: 0A-LN-88S

INCIDENT DATE & TIME:      12/08/10    07:00 PM    TIER 2

REVIEW DATE:               12/09/10              BY:   LT   MCMORROW

DELIVERY DATE & TIME:      12/09/10    04:18 PM  BY:   CO   K.DALTON

HEARING START DATE & TIME: 12/11/10  10:45 AM    BY:   LT   MEJIA

HEARING END DATE & TIME:   12/11/10  11:05 AM    BY:   LT   MEJIA

| CHARGE NUMBER | DESCRIPTION OF CHARGES | REPORTED BY | DISPOSITION |
|---|---|---|---|
| 104.13 | CREATING A DISTURBANCE | CO  B.WHITE | DISMISSED |
| 107.10 | INTERFERENCE WITH EMPLOYEE | | DISMISSED |
| 106.10 | REFUSING DIRECT ORDER | | GUILTY |

ANY GUILTY DISPOSITION WILL RESULT IN A MANDATORY DISCIPLINARY SURCHARGE IN THE AMOUNT OF FIVE($5.00) DOLLARS BEING ASSESSED AUTOMATICALLY AGAINST THE INMATE.

| PENALTY CODE | DESCRIPTION | PENALTY MO DAYS | START DATE | RELEASE DATE | SUSPEND MO DAYS | DEFERRED MO DAYS | RESTITUTION $$$$ . ¢¢ |
|---|---|---|---|---|---|---|---|
| B400 | PRE HEARING KEEPLOCK | 3 | 12/8/10 | 12/11/10 | | | |

```
12/09/10        STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES   PAGE   2
                                   SING SING GN

 DCP004               DISCIPLINARY  HEARING DISPOSITION RENDERED

   DIN: 04A2384 NAME: GARCIA, FELIX                    HEARING DATE: 12-11-10
```

A. STATEMENT OF EVIDENCE RELIED UPON:

WRITTEN REPORT BY C.O. WHITE DOES NOT SUPPORT CHARGES 104.13 DISTURBANCE OR 107.10 INTERFERENCE BOTH CHARGES ARE DISMISSED MY ASSESSMENT ALONG WITH C.O. WHITE'S REPORT THAT INMATE REFUSED 106.10 DIRECT ORDER.

B. REASONS FOR DISPOSITION:

TO ENFORCE DEPARTMENTAL RULES AND TO INSTILL TO THIS INMATE THAT HE MUST OBEY DIRECT ORDERS.

C. SPECIAL INSTRUCTION ON VISITATION OR CORRESPONDENCE RESTRICTIONS, REFERRALS
   OR SPECIAL EVENT LOSS:

I HAVE RECEIVED A COPY OF THIS HEARING DISPOSITION DATED 12/11/10

_____          X _____  12/11/10  11:05AM
HEARING OFFICER SIGNATURE             INMATE SIGNATURE      DATE & TIME RECEIVED

YOU ARE HEREBY NOTIFIED OF THE FOLLOWING APPEAL PROCEDURES:

X  FOR TIER II HEARINGS-APPEAL TO SUPERINTENDENT WITHIN 72 HOURS.

___ FOR TIER III HEARINGS-APPEAL TO COMMISSIONER WITHIN 30 DAYS.

***SUCCESSFUL PRINT COMPLETION***

# STATE OF NEW YORK – DEPARTMENT OF CORRECTIONAL SERVICES

## SING-SING CORRECTIONAL FACILITY

### MEMORANDUM

**TO:** Felix, Garcia 04A2384

**FROM:** E. Mejia, Lieutenant

**SUBJECT:** Grievance 48673 and Complaint to Superintendent P. Heath

**DATE:** January 3, 2011

In Regards to Your Grievance # 48673 and Complaint Made to Superintendent Heath. I Assigned the Investigation to Sergeant M. Barnes. He Interviewed and Received Written Memorandums by Staff Members that you named in your Grievance and Complaint Denying Your Allegations as well as interviewing you. Your Inmate Injury Report of Redness to your Neck and Redness to both your Forearms Does not Reveal any Blistering to the Forearms or Bruising to your Neck area. After Reviewing all Documentation and Communicating with Sergeant Barnes I Find no Merit to your Claims. If you can produce any new Evidence to your claim you may contact me or submit Evidence to the Superintendent.

Respectfully submitted,

_____
Lieutenant E. Mejia

| STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES | GRIEVANCE NO. 48673-10 | DATE 12/13/2010 |
|---|---|---|
| | FACILITY: SING SING C.F. | POLICY DESIGNATION INSTITUTIONAL |
| **Inmate Grievance Program** **Superintendent Response** | TITLE OF GRIEVANCE STAFF CONDUCT | CLASS CODE: 49 |
| | SUPERINTENDENT'S SIGNATURE *[signed] Philip D. Heath* | DATE 1-4-11 |
| GRIEVANT: GARCIA, F. | DIN #: 04-A-2384 | HOUSING UNIT: A-L-88 |

Grievant claims he was harassed by staff.

Grievant was interviewed by Sgt. M. Barnes. Grievant stated that on the date in question he was going to the gym, and he had nothing else to add to his written statement except that he had submitted a complaint to the Superintendent and Inspector General's Office in which he also alleged that he was burned as a result of a pat frisk conducted under walkway H & M Galleries and end gates heating pipes. Grievant also stated that Officer P. Brown was a witness to the alleged assault. He stated that he has never had any problems with any of the officers named in this grievance.

Officer P. Brown states that he was present when Officer B. White gave the grievant a direct order to put his belt on before he entered the HBA gym. Officer P. Brown stated that words were exchanged between Officer White and the grievant. Officer White directed the grievant to go to pat frisk position on the wall by the phones. Officer L. Brown and L. Carrington directed P. Brown to leave the grievant on the wall. Officer P. Brown continued to conduct pat frisks on other inmates entering the gym and after this was completed he returned to his gallery, with the grievant with his hands in his pockets on the wall by the phones being counseled by Officers Carrington and L. Brown.

Officer B. White stated that the grievant was loud and boisterous after she gave him a direct order to put his belt on. The grievant was given a direct order to submit to a pat frisk in the phone area on the east wall on M Gallery. Grievant was escorted to his gallery with no further incident after the pat frisk was completed. Officer White stated that at no time did she kick the grievant's leg or act in an unprofessional manner, nor was he pat frisked between H & M Galleries.

Officer L. Carrington stated that he pat frisked and counseled the grievant. He denies using profanity when he spoke to the grievant. He denies choking the grievant or pushing him up the stairs. Officer Carrington did not use any force while frisking the grievant, nor did he damage grievant's glasses by throwing them to the ground. Officer Carrington also states that no pat frisk was conducted between H & M Galleries.

Officer J. Kruse states that on the date in question after the gym run was terminated, the grievant returned to his gallery and wanted to go to Medical because of the incident that took place at the gym door. Officer Kruse notified Area Supervisor Sgt. W. Casanas.

Officer L. Brown stated that he witnessed officers White and Carrington counseling grievant by the HBA gym door. Officer L. Brown escorted the grievant back to L Gallery, and at no time did any officer assault grievant.

Based on the investigation conducted, there is no evidence to support grievant's allegations. Grievance is denied.

## APPEAL STATEMENT

IF YOU WISH TO REFER THE ABOVE DECISION OF THE SUPERINTENDENT, PLEASE SIGN BELOW AND RETURN THIS COPY TO YOUR INMATE GRIEVANCE CLERK. YOU HAVE SEVEN (7) DAYS FROM RECEIPT OF THIS NOTICE TO FILE YOUR APPEAL. PLEASE STATE WHY YOU ARE APPEALING THE DECISION TO C.O.R.C.

_____

_____

_____

| | |
|---|---|
| _____ | _____ |
| GRIEVANT'S SIGNATURE | DATE |
| _____ | _____ |
| GRIEVANCE CLERK'S SIGNATURE | DATE |

| STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES | Grievance Number<br>SS-48673-10 | Desig./Code<br>I/49 | Date Filed<br>12/13/10 |
|---|---|---|---|
| | Associated Cases | | |
| | Facility<br>Sing Sing Correctional Facility | | |
| INMATE GRIEVANCE PROGRAM<br>CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance<br>Harassment By Staff | | |

4/20/11

## GRIEVANT'S REQUEST UNANIMOUSLY DENIED

Upon full hearing of facts and circumstances in the instant case, the action requested herein is hereby denied. CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that the facility administration has conducted a proper investigation. CO W... denies kicking the grievant's legs or acting in an unprofessional manner. CO C... denies using profanity, frisking the grievant in an improper or forceful manner, or damaging his eyeglasses. CO B... was present during the pat frisk and denies witnessing staff behave inappropriately. CORC notes that the grievant was examined by medical staff following his complaint of being injured. Contrary to the grievant's assertions, CORC has not been presented with sufficient evidence to substantiate any malfeasance by staff.

CORC notes that Directive #4040, Section 701.1, states, in part, that the grievance program is not intended to support an adversary process and Section 701.6 (b) states, in part, that no reprisals of any kind shall be taken against an inmate or employee for good faith utilization of this grievance procedure. An inmate may pursue a complaint that a reprisal occurred through the grievance mechanism.

In regard to the grievant's appeal, CORC asserts that all relevant information must be presented at the time of filing in order for a proper investigation to be conducted at the facility level. CORC advises him to address any further medical concerns via facility sick call procedures.

CORC notes that the grievant has been transferred.

JD/dz

--------------------------------------------------------------------------------
--------------------------------------------------------------------------------

This document has been electronically signed by Karen R. Bellamy

G. If you did not file a grievance, did you inform any officials of your claim(s)?
Yes _____ No _____

1. If YES, whom did you inform and when did you inform them? _____

2. If NO, why not? _____

I. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. I've tryed to obtain my medical records but was told by RN Monroe that my medical file does not have that incident in it. But I have a call out which states I went for medical treatment on 12/8/10. Pictures were taken as well but I've been stonewalled from getting them as well. Furthermore Officer B. White falsified a ticket against me.

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V. Relief:
State what you want the court to do for you. I would like to be compensated for monotary award for the sum of 15,000, for pain & suffering.

VI. Previous lawsuits:

On these claims

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?
Yes _____ No ✓

B.   If your answer to A is YES, describe each lawsuit in questions 1 through 7 on the next page. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

  1.   Parties to this previous lawsuit:
  Plaintiff _____
  Defendants _____
  2.   Court (if federal court, name the district; if state court, name the county) _____
  _____
  3.   Docket or Index number _____
  4.   Name of Judge assigned to your case _____
  5.   Approximate date of filing lawsuit _____
  6.   Is the case still pending? Yes _____ No _____
  If NO, give the approximate date of disposition _____
  7.   What was the result of the case? (for example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
  _____
  _____

[On other claims]

D.   Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
     Yes _____ No _____

E.   If your answer to D is YES, describe each lawsuit in questions 1 through 7 on the next page. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

  1.   Parties to this previous lawsuit:
  Plaintiff _____
  Defendants _____
  2.   Court (if federal court, name the district; if state court, name the county) _____
  _____
  3.   Docket or Index number _____
  4.   Name of Judge assigned to your case _____
  5.   Approximate date of filing lawsuit: _____
  6.   Is the case still pending? Yes _____ No _____
  If NO, give the approximate date of disposition _____
  7.   What was the result of the case? (for example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
  _____
  _____

Signed this ___ day of _____, 20___. I declare under penalty of perjury that the foregoing is true and correct.

                                          Signature of Plaintiff _____
                                          Inmate Number _FELIX GARCIA C4A2384_
                                          Mailing address _Sing Sing CF_
                                                         _354 Hunter Street_
                                                         _Ossining NY 10562_

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this ____ day of _____, 20___, I will deliver this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

                                          Signature of Plaintiff: _____

rev. 09/04